UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERESE E. JONES,**

    Plaintiff,

v.                                                                         Case No. 8:23-cv-01691-WFJ-CPT

**TUDOR CAY CONDOMINIUM ASSOCIATION, INC.,
GLAUSIER KNIGHT JONES, PLLC,
ASSOCIA GULF COAST, INC.,
WHEELER LAW FIRM, PLLC, AND
MARY JANE PORTER,**

    Defendants.

_____/

## **ORDER**

This matter comes before the Court on Defendant Glausier Knight Jones, PLLC's ("GKJ") Motion to Dismiss (Dkt. 58), Defendants Tudor Cay Condominium Association, Inc.'s ("Tudor Cay") and Mary Jane Porter's ("Ms. Porter") Motion to Dismiss (Dkt. 63) and Defendant Wheeler Law Firm, PLLC's ("Wheeler") Motion to Dismiss (Dkt. 65). Defendant Associa Cay, Inc. ("Associa") did not file an answer or any pleading, and despite a caution from the Court (Dkt. 66), Plaintiff did not file a response. Upon careful consideration, the Court grants all three motions with leave to amend and dismisses the complaint as to all defendants: GKJ, Tudor Cay, Ms. Porter, Wheeler, and Associa (collectively, "Defendants").

## LEGAL STANDARD

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering the motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). If a plaintiff fails to oppose a motion to dismiss, a court should not grant the motion on that basis alone. *Guimmo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017). Instead, the court must decide the motion on the papers, by considering the defendant's arguments and the complaint's allegations. *Id.*

Federal Rules of Civil Procedure 8(a) and 10(b) establish the minimum pleading requirements. Under the notice pleading standards set forth in Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must also bring her

claims in separate, numbered paragraphs, with each claim "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A complaint that violates either of these rules is often disparagingly called a "shotgun pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Dismissal of such a pleading is warranted when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (emphasis in original). A court may dismiss a shotgun pleading even as to a party that has not moved to dismiss. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018).

## BACKGROUND

The Court will recount the crux of Plaintiff's allegations as it interprets them. Plaintiff purchased a condominium, which was governed by the Tudor Cay Condominium Association. Dkt. 1 at 3. After moving into her home, Plaintiff believes other residents targeted her by leaving "Satanic ritualistic ceremonial items" by her front door and on her car. *Id.* Plaintiff states that her complaints to management were ignored. *Id.*

As a result of these grievances, Plaintiff ceased paying her association dues. *Id.* After four missed payments, Plaintiff asserts that she resumed paying and attempted to bring her account current. *Id.* However, the management company allegedly refused to deposit her payments. *Id.* at 4. Plaintiff began receiving

3

"emotionally stressful" communication that her account was in default, first from GKJ and then from Wheeler. *Id.* at 3–4.

Plaintiff states that she provided GKJ with evidence from her bank showing that she made the delinquent payments. *Id.* at 4. Still, GKJ attempted to collect from Plaintiff. *Id.* Eventually, Plaintiff's file was transferred to Wheeler. Plaintiff states that she made over fifty phone calls attempting to provide documentation of her payment to GKJ and Wheeler. *Id.* These efforts were not fruitful. *Id.* In July 2023, Wheeler filed a foreclosure action in state court. *Id.* at 4–5. Plaintiff alleges that "[o]ver the years, many white and Hispanic owners were delinquent by far more money than [Defendants] claim I owe and were offered a payment plan with fees dismissed." *Id.* at 5.

Plaintiff filed her eight-count Complaint against the five defendants on July 28, 2023. *Id.* at 2. The Complaint alleges violations of the First Amendment, the Fourteenth Amendment, the Fair Housing Act, Title VI of the Civil Rights Act, the Equal Credit Opportunity Act, the Fair Credit Reporting Act, Florida's Consumer Collection Practices Act, and the Fair Debt Collection Practices Act. *Id.* at 2. Plaintiff seeks 25 million dollars in damages and asked that the foreclosure action be transferred to the Court. *Id.* at 5. On September 1, 2023, the Court declined to exercise jurisdiction over the state-court foreclosure. Dkts. 55, 56.

Four defendants (all but Associa) filed motions to dismiss. The motions allege that the Complaint is a shotgun pleading, Dkt. 58 at 5–6; Dkt. 63 at 6; Dkt. 65 at 5–6, that also fails to state a claim upon which relief may be granted, Dkt. 58 at 2; Dkt. 63 at 3–4; Dkt. 65 at 3.

## DISCUSSION

*1. The Complaint violates Rules 8 and 10 and is therefore a shotgun pleading.*

In *Weiland v. Palm Beach County*, the Eleventh Circuit identified four types of shotgun pleadings: (1) complaints in which each count "adopts the allegations of all preceding counts"; (2) complaints that are "replete with conclusory, vague, and immaterial facts"; (3) complaints that fail to separate each cause of action into separate counts; and (4) complaints that assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. 792 F.3d 1313, 1321−23 (11th Cir. 2015). No matter the type, all shotgun pleadings exhibit the "unifying characteristic" of failing to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The instant Complaint commits *Weiland* sin three by failing to comply with Rules 8 and 10. Plaintiff did not bring each claim in a separate, numbered paragraph, thereby separating each cause of action into separate counts. Instead, the Complaint reads as a single document. Its arbitrary paragraph markings do not remedy this issue. Plaintiff made no attempt to identify which facts are relevant to which of her

eight causes of action. This type of pleading wastes scarce judicial resources by putting the Court "in the position of serving as [Plaintiff's] lawyer in rewriting the complaint into an intelligible document." *Jackson*, 898 F.3d at 1357. Because it is a shotgun pleading, the Complaint is due to be dismissed, against all Defendants,[1] without prejudice.

Nevertheless, in an effort to improve judicial efficiency should Plaintiff choose to amend, the Court will also discuss the Complaint's Rule 12(b)(6) deficiencies. *See id.* at 1359 (granting a district court discretion to address the merits of a shotgun pleading).

*2. The Complaint fails to state a claim upon which relief may be granted.*

For most of its counts, the Complaint fails to establish the liability of any Defendant. The remaining claims suffer from other deficiencies.

A. <u>Many claims state causes of action under which no Defendant is liable.</u>

Claims under the First and Fourteenth Amendments of the U.S. Constitution can only be brought against state actors. *Farese v. Scherer*, 342 F.3d 1223, 1233 n.13 (11th Cir. 2003). A private entity may be treated as a state actor in three broad circumstances: "(1) when the private entity performs a traditional, exclusive public function; (2) when the government compels the private entity to take a particular

---

[1] Although Associa did not file a motion to dismiss, the Court may dismiss as to Associa because the Complaint is a shotgun pleading. *Jackson*, 898 F.3d at 1357–58.

action; or (3) when the government acts jointly with the private entity." *Manhattan Comm. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). None of the Defendants are state actors, and nothing in the Complaint indicates any reason to treat any Defendant as such. Relatedly, Title VI "prohibits discrimination only by recipients of federal funding." *Shotz v. City of Plantation*, 344 F.3d 1161, 1169 (11th Cir. 2003); *see also* 42 U.S.C. § 2000d. The Complaint does not allege that any of the Defendants receives federal funding.

Plaintiff's claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, suffers from a similar problem. The ECOA states that it is unlawful for a creditor to discriminate against an applicant. 15 U.S.C. § 1691(a). A "creditor" is "any person who regularly extends, renews, or continues credit," who arranges for such, or who is an "assignee of an original creditor who participates in the decision to extend, renew, or continue credit." § 1691a(e). An "applicant" is "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." § 1691(b). Plaintiff has not stated any facts showing that she is an "applicant" or that any Defendant is a "creditor" under the statute.

Similarly, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681–1681x, addresses information provided to and by consumer reporting agencies ("CRAs"),

7

i.e. entities that assemble or evaluate consumer information and provide consumer reports to third parties. 15 U.S.C. § 1681(f). Further, the FCRA only permits private rights of action under certain subsections. *See Binch v. PNC Bank, N.A.*, No. 5:23-cv-8-TJC-PRL, 2023 WL 2775980, at *2 (M.D. Fla. Mar. 8, 2023), *report and recommendation adopted by* 2023 WL 2771299 (M.D. Fla. Apr. 4, 2023). Plaintiff fails to specify which subsection was violated by which Defendant, leaving both the Court and Defendants guessing as to the exact misconduct alleged. More fundamentally, the Complaint does not assert that any Defendant is a CRA or provided information to a CRA.

B. <u>The Complaint fails to state an FHA claim upon which relief can be granted.</u>

Plaintiff charges Tudor Cay with a violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, for "not stepping in and demanding I be treated fairly like other nonblack residents." Dkt. 1 at 6. Because Plaintiff does not reference any policy or practice of Tudor Cay, the Court interprets this as a disparate treatment claim. *See Tex. Dep't. of Hous. and Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524 (2015). To state a claim for disparate treatment, a plaintiff must show that she was actually treated differently than similarly situated residents outside the protected class. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1216 (11th Cir. 2008); *see also Carlson v. Sunshine Villas HOA, Inc.*, No: 2:18-cv-1-FtM-99MRM, 2018 WL 2317820, at *3 (M.D. Fla. May 22, 2018) (applying this standard at the

motion to dismiss stage). Further, a plaintiff alleging disparate treatment "must establish that the defendant had a discriminatory intent or motive." *Tex. Dep't of Hous.*, 576 U.S. at 524 (quotation omitted).

The Complaint's only related allegation is that "many white and Hispanic owners were delinquent for far more money than they claim I owe and were offered a payment plan with fees dismissed." Dkt. 1 at 5. This statement is in a paragraph discussing GKJ and Wheeler. *Id.* The Complaint states no facts indicating that Tudor Cay "stepped in" to influence these alleged payment plans, nor does it plead facts showing that any Defendant acted with discriminatory intent or motive.

C. <u>The presence of a related state court proceeding may influence the Court's jurisdiction over the remaining claims.</u>

Next, Plaintiff asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and Florida's Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. As with her FCRA claim, Plaintiff fails to specify which subsections of these Acts were violated by which Defendants. The Court should not divine causes of action when they are not stated. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

GKJ and Wheeler both argue that Plaintiff's assertions as to her FDCPA and FCCPA claims are "conclusory allegations." Dkts. 58 ¶ 7, 65 ¶ 7. The Court demurs. Plaintiff stated that she provided GKJ and Wheeler with bank statements showing

9

that her account was current, and that GKJ and Wheeler persisted in collections efforts despite knowledge that her account was paid in full. Dkt. 1 at 4, 7–8. The Complaint gives specific dates on which Plaintiff allegedly contacted these Defendants with proof of her payments. *Id.* at 4–5. These facts might support a claim under the FDCPA and FCCPA.

However, the Court finds Wheeler's argument that these issues are already being litigated in state court potentially persuasive. Dkt. 65 at 3. In some circumstances, on-going state court proceedings or a state court judgment may influence a federal court's jurisdiction over a matter. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292–93 (2005). But the Court cannot make this determination based on the pleadings currently before it. More information would be needed, not only on the state court proceedings, but also in the form of an amended complaint that adequately conveys the allegations and factual underpinnings in the instant case. Plaintiff should be aware that federal courts do not sit to review issues resolved in earlier-filed state court proceedings.

## CONCLUSION

The instant Complaint is a shotgun pleading. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the moving defendants' motions to dismiss (Dkts. 58, 63, and 65) are **GRANTED WITHOUT PREJUDICE**, and the

Complaint is dismissed as to all defendants. Should Plaintiff choose to amend, she should do so within twenty-one (21) days.

**DONE** and **ORDERED** at Tampa, Florida, on November 21, 2023.

>   */s/ William F. Jung*
>   **WILLIAM F. JUNG**
>   **UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record